UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARLA CRAWFORD,<br><br>        *Plaintiff*,<br><br>  v.<br><br>THE GOLDMAN SACHS GROUP, INC., KAREN SEYMOUR, in her individual and professional capacities, and DARRELL CAFASSO, in his individual and professional capacities,<br><br>        *Defendants*. | No. 20-cv-9197<br><br>[Index No. 159055/2020 in the New York State Supreme Court for New York County] |

## NOTICE OF REMOVAL

  Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendants The Goldman Sachs Group, Inc. ("Goldman Sachs"), Karen Seymour, and Darrell Cafasso (collectively, "Defendants") hereby remove to this Court the action captioned *Marla Crawford v. The Goldman Sachs Group Inc., Karen Seymour, and Darrell Cafasso*, Index No. 159055/2020 (N.Y. Sup. Ct., County of New York, October 26, 2020) (the "State Court Action"). This civil action, which was originally filed in state court as part of a procedural gambit to avoid federal preemption and the statutory commands of the Federal Arbitration Act ("FAA"), asserts a claim "arising under . . . the laws . . . of the United States." 28 U.S.C. § 1331. It is therefore subject to this Court's removal jurisdiction as an action "of which the district courts of the United States have original jurisdiction." *Id.* § 1441(a). Further, federal question jurisdiction exists because Plaintiff has brought a claim that necessarily raises a "federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial

1

responsibilities." *Gunn v. Minton*, 568 U.S. 251, 258 (2013) (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.,* 545 U.S. 308, 314 (2005)).

In further support of this Notice, Defendants state as follows:

1. On October 26, 2020, Plaintiff Marla Crawford filed this action against Defendants in the Supreme Court of the State of New York, New York County. It was docketed as Supreme Court Index No. 159055/2020. A true and correct copy of all documents filed in this action, including the Summons and Complaint ("Compl."), are attached as Exhibit A.[1]

2. The Complaint in this action asserts that Defendants have committed actionable violations of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and its state-law analogues, the New York State Human Rights Law, N.Y. Exec. Law §§ 290 *et seq.* ("NYSHRL"), and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 *et seq.* ("NYCHRL"). Compl. ¶¶ 10, 174, 180, 186, 192. With respect to the Title VII violations, Plaintiff alleges in paragraph 10 of her Complaint that "[u]pon receipt of a Notice of Right to Sue or other dismissal by the EEOC . . . [she] will file an action in federal court."

3. On November 2, 2020, counsel for Defendants agreed to accept service of the attached Summons and Complaint on behalf of Defendants.

4. Defendants are timely filing this Notice of Removal to the U.S. District Court for the Southern District of New York within 30 days of service of the Complaint and Summons. *See* 28 U.S.C. § 1446(b). Venue is proper in this Court because the Supreme Court of the State of New York, New York County is located within the Southern District of New York.

5. All Defendants have consented to this removal. *See* 28 U.S.C. § 1446(b)(2)(A).

---

[1] Exhibit A contains "all process, pleadings, and orders served upon" Defendants in the state court action to date. 28 U.S.C. § 1446(a).

6. In filing this notice of removal, Defendants reserve and expressly do not waive any and all rights, claims, and defenses, of any nature whatsoever, including but not limited to their right to compel contractually mandated arbitration of the claims against them.

7. Defendants will file a copy of this Notice of Removal with the Clerk of the Supreme Court of the State of New York, New York County, and will serve Plaintiff with this Notice of Removal promptly upon filing this Notice. *See* 28 U.S.C. § 1446(d).

## RELEVANT FACTUAL & PROCEDURAL BACKGROUND

8. Plaintiff asserts claims of discrimination and retaliation against her former employer, Goldman Sachs, and two senior members of the Goldman Sachs Legal Division. Plaintiff's lawsuit attempts to recast legitimate restructuring efforts and migration efforts across the entire firm, including in the Legal Division, as an adverse employment action that violates Title VII and its state and city law analogues.

9. Plaintiff, however, who is herself a lawyer, is also party to a valid and enforceable arbitration agreement. In 2019, Plaintiff executed an agreement committing "to arbitrate . . . to the fullest extent permitted by law, all claims arising out of or relating to my employment with The Goldman Sachs Group, Inc. . . . , or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm." This agreement expressly applies to matters "relating to actions or inactions by individuals associated with the Firm."

10. Plaintiff's agreement to arbitrate indisputably applies to the claims advanced in this lawsuit. The arbitrability of her claims, which could be done promptly and fairly, is unaffected by a New York state law which prohibits certain mandatory arbitration clauses "*except where inconsistent with federal law.*" N.Y. CPLR § 7515(b)(i) ("Section 7515"). Indeed, as Plaintiff is

clearly aware, courts in this District have repeatedly made clear that application of this statute to Plaintiff's arbitration agreement would be inconsistent with, and preempted by, the FAA. *See White v. WeWork Companies, Inc.*, No. 20 Civ. 1800, 2020 WL 3099969 at *5 (S.D.N.Y. June 11, 2020) (McMahon, J.) (finding that the U.S. Supreme Court "has specifically forbidden state legislatures from creating exceptions to the FAA like the one embodied in CPLR § 7515" because it "prohibits outright the arbitration of a particular type of claim"); *Latif v. Morgan Stanley & Co. LLC*, No. 18 Civ. 11528, 2019 WL 2610985 (S.D.N.Y. June 26, 2019) (Cote, J.).

11. Plaintiff is undoubtedly also aware of a single, anomalous holding from New York State Supreme Court, *Newton v. LVMH Moët Hennessy Louis Vuitton, Inc.* 2020 WL 3961988 (N.Y. Sup. Ct, N.Y. Cty. July 10, 2020), currently on appeal, which found that CPLR § 7515 could block arbitration of a discrimination claim. *But see Fuller v. UBER Techs., Inc.*, 2020 WL 5801063 at *2 (N.Y. Sup. Ct., N.Y. Cty. Sept. 25, 2020) (agreeing with courts in this district that the FAA preempts § 7515 and the statute "cannot block [defendant] from enforcing its arbitration agreement with plaintiff").

12. Plaintiff's desire to evade federal law, and to forum shop by capitalizing on a single state court's inconsistent interpretation of it, supplies the only possible explanation for the gamesmanship evident in her Complaint. Plaintiff specifically pleads that she has a claim against Defendants under Title VII—a claim that arises out of the same facts, involves the same parties, and necessarily seeks the same damages as the state and city law claims she simultaneously brings. Compl. ¶ 10. She suggests, however, that she intends, at some time in the future, to bifurcate her Title VII claim from her state and city law claims and file a parallel action to pursue that claim in federal court. *Id.* Thus, it is clear that what Plaintiff is doing is to seek to temporally "stage" her

causes of action first in state, and then in federal court, in order to avoid the clear implications of federal decisions concerning CPLR § 7515.

13. Such a "blatant attempt to manipulate the concurrent system of jurisdiction" is flatly impermissible. *Abe v. New York Univ.*, No. 14 Civ. 9323, 2016 WL 1275661, at *9 (S.D.N.Y. Mar. 30, 2016) (Sullivan, J.). It would be wholly inefficient and improper for Plaintiff to pursue overlapping claims against the same defendants in two separate courts (state and federal) at the same time.

14. Undoubtedly, Plaintiff has no real intention of doing so. Indeed, in prior actions where Plaintiff's counsel has filed a complaint in state court noting a substantially identical intention to pursue violations of federal statutes, counsel has discontinued those state court actions and filed the entire action in federal court once the statutory prerequisites for the federal claims were satisfied. *See Gerena v. Winthrop-Univ. Hosp.*, No. 0604320/2015 (Nassau Sup. Ct., Dec. 10, 2015), *Golloher v. Twenty-First Century Fox, Inc.*, No. 0154148/2017 (N.Y. Sup. Ct., June 4, 2017); *Eliasson v. Sway Lounge LLC*, No. 155170/2018 (N.Y. Sup. Ct., Dec. 3, 2018); *Barnes v. INTL FCStone,Inc.*, No. 158222/2019 (N.Y. Sup. Ct., Mar. 3, 2020). It is thus clear that what Plaintiff is really doing is endeavoring to avoid federal court jurisdiction over her claims until a state court addresses the question of the arbitrability of her claims, relying on the anomalous *Newton* decision, all while the merits of that decision are appealed in the state court system.

## JURISDICTION & GROUNDS FOR REMOVAL

15. Because Plaintiff's claim that Defendants have committed actionable violations of Title VII arises under the laws of the United States, this Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331.

16. Because Plaintiff's alleged violation of Title VII arises out of the same operative facts as Plaintiff's analogous NYSHRL and NYCHRL claims, this Court has at least supplemental jurisdiction over those state law claims under 28 U.S.C. § 1367(a).

17. This case is therefore one over which this Court would have original jurisdiction had it been filed with this Court in the first instance. It is accordingly within this Court's removal jurisdiction under 28 U.S.C. § 1441(a).

18. Although the Complaint alleges that Plaintiff has not yet exhausted the alleged violations of Title VII by filing a charge of discrimination with the Equal Employment Opportunity Commission, Title VII's "charge-filing instruction is not jurisdictional." *Fort Bend Cty., Texas v. Davis*, 139 S. Ct. 1843, 1846 (2019). Plaintiff's failure to exhaust her Title VII claim therefore does not defeat this Court's jurisdiction to determine the proper disposition of her claim.

19. Nor is this Court's removal jurisdiction impacted by Plaintiff's suggestion that she intends, in the future, to file her Title VII claim in a separate, parallel proceeding in federal court. Compl. ¶ 10. Such procedural gamesmanship is improper and impermissible. *See id.* ¶¶ 12-13, *supra*. Accordingly, Plaintiff's complaint evinces, on its face, a clear intention to avail herself of federal employment discrimination laws, vesting this Court with subject matter jurisdiction. Compl. ¶ 10; *see also, e.g.*, *Briggs v. SCO Family of Servs.*, 2018 WL 1370268, at *4 (E.D.N.Y. Feb. 15, 2018); *Jones v. Angelo State Univ.*, 2009 WL 10699928, at *3 (W.D. Tex. Oct. 19, 2009).

20. Finally, Plaintiff's clear agreement to arbitrate all claims arising out of her employment with Goldman Sachs means that the first, central and *only* issue this Court will necessarily adjudicate in this matter will be a substantial federal question concerning the arbitrability of Plaintiff's federal and state claims. *See, e.g.*, *Tantaros v. Fox News Channel, LLC*,

427 F. Supp. 3d 488, 494 (S.D.N.Y. 2019). There is therefore subject-matter jurisdiction over the entire action under 28 U.S.C. § 1331 on that basis as well.

Dated: New York, New York  
November 3, 2020

By: /s/ Roberta A. Kaplan  
Roberta A. Kaplan  
Kate L. Doniger  
Raymond P. Tolentino  
KAPLAN HECKER & FINK LLP  
350 Fifth Avenue, Suite 7110  
New York, New York 10118  
Tel: (212) 763-0883  
Fax: (212) 564-0883  
rkaplan@kaplanhecker.com

Jeffrey S. Klein  
Celine J. Chan  
WEIL, GOTSHAL & MANGES LLP  
767 Fifth Avenue  
New York, New York 10153  
Tel: (212) 310-8000  
Jeffrey.Klein@weil.com

*Counsel for Defendants Goldman Sachs Group, Inc., Karen Seymour, and Darrell Cafasso*

## CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2020 I caused a true and correct copy of the foregoing to be served on counsel for Petitioner via e-filing, at the addresses below via email, and via overnight FedEx.

Douglas H. Wigdor
Wigdor LLP
85 Fifth Avenue
New York, NY 10003
Dwigdor@wigdorlaw.com

David E. Gottlieb
Wigdor LLP
85 Fifth Avenue
New York, NY 10003
dgottlieb@wigdorlaw.com

Dated: New York, NY
November 3, 2020

/s/ Roberta A. Kaplan
Roberta A. Kaplan