# WIGDOR LLP
ATTORNEYS AND COUNSELORS AT LAW

85 FIFTH AVENUE
NEW YORK, NY 10003
TEL 212.257.6800
FAX 212.257.6845
WWW.WIGDORLAW.COM

**Douglas H. Wigdor**
dwigdor@wigdorlaw.com

November 12, 2020

**VIA ECF**

The Honorable Lewis J. Liman
United States District Court
500 Pearl St., Room 701
New York, NY 10007

      Re:    Crawford v. The Goldman Sachs Group, Inc., *et al.*; No. 20-cv-09197 (LJL)

Dear Judge Liman:

We represent Plaintiff Marla Crawford and write to inform the Court that this matter has been voluntarily dismissed pursuant to Fed. R. Civ. P. 41(a)(1) and re-filed in its proper venue in New York State Supreme Court. Defendants had improperly removed this action from state court upon a frivolous argument that this Court *may* in the future have subject matter jurisdiction if Ms. Crawford pursues claims under Title VII of the Civil Rights Act of 1964 ("Title VII"). Defendants have cited no authority for the proposition that subject matter jurisdiction is conferred based on the mere possibility of pursing a Title VII claim. See Dkt. No. 9, Notice of Removal, at ¶19 (citing only Briggs v. SCO Family of Servs., 2018 WL 1370268 at *4 (E.D.N.Y. Feb. 15, 2018) and Jones v. Angelo State Univ., 2009 WL 10699928 at *3 (W.D. Tex. Oct. 19, 2009) (both courts finding the plaintiff had actually asserted Title VII claims). Ms. Crawford has not asserted a Title VII claim and while she reserves all rights, she does not intend to pursue Title VII claims in court. Ms. Crawford has made this clear in her new pleading.

Moreover, Defendants' argument that this Court has jurisdiction under the Federal Arbitration Act (see Dkt. No. 9 at p. 1 and ¶20) is also contrary to established law. See e.g. Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont, 565 F.3d 56, 63 (2d Cir. 2009) (the FAA "does not independently confer subject matter jurisdiction on the federal courts"); Harry Hoffman Printing, Inc. v. Graphic Communications, International Union, Local 261, 912 F.2d 608, 611 (2d Cir. 1990) ("[t]here must be an independent basis of jurisdiction before a district court may entertain petitions under the Act"); Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 25 n. 32 (1983) ("The Arbitration Act is something of an anomaly in the field of federal-court jurisdiction. It creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate, yet it does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331 ... or otherwise.").



The Honorable Lewis J. Liman
November 12, 2020
Page 2

We thank the Court for Your Honor's attention to this matter.

Respectfully submitted,

Douglas H. Wigdor